**FILED**

JUN 2 9 2018

Clerk, U.S. District Court
District Of Montana
Missoula

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| LANNY WADE BUEHL,<br><br>Petitioner,<br><br>vs.<br><br>TIM FOX, ATTORNEY GENERAL OF THE STATE OF MONTANA; R. JONES;<br><br>Respondents. | Cause No. CV 18-70-H-DLC-JTJ<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |

On June 6, 2018, Petitioner Lanny Wade Buehl filed this action under 28 U.S.C. § 2254.[1] Buehl is a state prisoner proceeding pro se. For the reasons set forth below, Buehl's petition should be dismissed without prejudice as unexhausted.

## I. Motion for Leave to Proceed in Forma Pauperis

Buehl moves for leave to proceed in forma pauperis. (Doc. 2). After reviewing the motion and supporting account statement, I find that Buehl has sufficiently shown he cannot afford to pay all costs that may be associated with

---

[1] *See Houston v. Lack*, 487 U.S. 266 (1988) (pro se prisoner's document deemed filed at the time prisoner delivers it to prison authorities).

1

this action. The motion to proceed in forma pauperis will be GRANTED.

I. **28 U.S.C. § 2254 Petition**

The Court is required to screen all actions brought by prisoners who seek relief. 28 U.S.C. § 1915(a). The Court must dismiss a habeas petition or portion thereof if the prisoner raises claims that are legally frivolous or fails to state a basis upon which relief may be granted. 28 U.S.C. § 1915A(b)(1), (2). The Court must dismiss a habeas petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 Governing Section 2254 Cases. Because Mr. Buehl's petition is unexhausted, it should be dismissed.

II. **Procedural History and Buehl's Claims**

In August of 2011, following a plea of guilty to Assault with a Weapon, in Montana's Ninth Judicial District, Glacier County, Buehl was sentenced to a 10-year suspended sentence. *See*, Pet. (Doc. 1 at 2-3).[2] Although the exact date is unclear, it appears that Buehl's suspended sentence was revoked and he was placed at Montana State Prison. *Id.* at 2, ¶ 2. Buehl was subsequently released on parole.

On February 1, 2018, Buehl was arrested by an officer of the Polson Police Department and was transferred to the detention center in Kalispell, Montana. *Id.* at 8. That same day, Buehl was advised of his alleged parole violations. *Id.* On

---

[2] *See also*, Montana Correctional Offender Network: https://app.mt.gov/conweb/Offender/3007298 (accessed June 27, 2018).

2

February 7, 2018, a preliminary hearing occurred. Buehl asserts that the hearing was not held onsite in Polson, where he was being supervised, and that the hearing did not occur within the timeline provided by statute. *Id.* Because of this, Buehl contends his right to due process was violated. *Id.* at 4, ¶ 13(A)(i).

It appears that in March of 2018, Buehl appeared before the Montana Board of Pardons and Parole.[3] Buehl's parole was revoked. He was scheduled to appear again before the Board in February of 2019. He was also ordered to obtain an updated chemical dependency evaluation and enter pre-release. Buehl was advised he could request a return to appear before the Board after an appropriate period of residency at pre-release.[4]

Buehl acknowledges he has not presented his due process claim to the Montana Supreme Court. (Doc. 1 at 4, ¶ 13(A)(ii), (iii). Buehl asks this Court to order the reinstatement of his parole. (Doc. 1 at 7, ¶ 16).

### III. Analysis

A state prisoner must exhaust his state court remedies before petitioning for a writ of habeas corpus in federal court. *Baldwin v. Reese*, 541 U.S. 27, 29 (2004). Federal courts may not grant a writ of habeas corpus brought by an individual in custody pursuant to a state court judgment unless "the applicant has exhausted the

---

[3] *See*, Montana Board of Pardons and Parole: https://bopp.mt.gov/Dispositions (March 2018 Final Board Dispositions) (accessed June 27, 2018).
[4] *Id.*

3

remedies available in the courts of the State." 28 U.S.C. §2254(b)(1)(A). "The exhaustion-of-state-remedies doctrine, now codified at 28 U.S.C. §§ 2254(b) and (c), reflects a policy of federal-state comity, an accommodation of our federal system designed to give the State an initial opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Picard v. Connor*, 404 U.S. 270, 275 (1971) (internal quotation marks and citation omitted).

To meet the exhaustion requirement, a petitioner must (1) use the "remedies available," § 2254(b)(1)(A), through the state's established procedures for appellate review, *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999); (2) describe "the federal legal theory on which his claim is based," *Davis v. Silva*, 511 F.3d 1005, 1009 (9th Cir. 2008); and (3) describe "the operative facts . . . necessary to give application to the constitutional principle upon which the petitioner relies," *id.* See also *Gray v. Netherland*, 518 U.S. 152, 162-63 (1996). A petitioner must meet all three prongs of the test in one proceeding. "Mere 'general appeals to broad constitutional principles, such as due process, equal protection, and the right to a fair trial,' do not establish exhaustion." *Castillo v. McFadden*, 399 F. 3d 993, 999, cert. denied, 546 U.S. 818 (2005).

As is clear from his petition, Buehl has not presented his due process claim to the Montana Supreme Court. Before Buehl can file a federal habeas petition, the exhaustion doctrine requires him to give the state courts one full opportunity to

review his constitutional claims. *O'Sullivan*, 526 U.S. at 845. Because Buehl has not yet exhausted his available state court remedies, this Court cannot review the claim. *See Rose v. Lundy*, 455 U.S. 509 (1982). Dismissal should be **without prejudice**, allowing Buehl to return to this Court if and when he fully exhausts the claim relative to his current custody.

## IV. Certificate of Appealability

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), Rules governing § 2254 Proceedings. A COA should issue as to those claims on which a petitioner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The standard is satisfied if "jurists of reason could disagree with the district court's resolution of [the] constitutional claims" or "conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Where a claim is dismissed on procedural grounds, the court must also decide whether "jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Gonzalez v. Thaler*, 132 S. Ct. 641, 648 (2012) (quoting *Slack*, 529 U.S. at 484).

Buehl has not made a substantial showing that he was deprived of a constitutional right. Further, because his petition is unexhausted, reasonable jurists

would find no basis to encourage further proceedings. There are no close questions and there is no reason to encourage further proceedings in this Court. A certificate of appealability should be denied.

Based on the foregoing, the Court enters the following:

## ORDER

Buehl's motion for leave to proceed in forma pauperis (Doc. 2) is GRANTED. The Clerk of Court shall waive payment of the filing fee.

## RECOMMENDATION

1. Buehl's Petition (Doc. 1) should be DISMISSED without prejudice as unexhausted.

2. The Clerk of Court should be directed to enter a judgment of dismissal.

3. A certificate of appealability should be DENIED.

## NOTICE OF RIGHT TO OBJECT
## TO FINDINGS & RECOMMENDATION
## AND CONSEQUENCES OF FAILURE TO OBJECT

Mr. Buehl may object to this Findings and Recommendation within 14 days.[5] 28 U.S.C. § 636(b)(1). Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

---

[5] Rule 6(d) of the Federal Rules of Civil Procedure provides that "[w]hen a party may or must act within a specified time after being served and service is made under Rule 5(b)(2)(C) (mail) . . . 3 days are added after the period would otherwise expire under Rule 6(a)." Therefore, since Buehl is being served by mail, he is entitled an additional three (3) days after the period would otherwise expire.

<u>Mr. Buehl must immediately notify the Court of any change in his mailing address.</u> Failure to do so may result in dismissal of his case without notice to him.

DATED this 29th day of June, 2018.

*/s/ John Johnston*
John Johnston
United States Magistrate Judge